# EXHIBIT A

 **U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 30, 2022

Jeffrey Lichtman, Esq.
The Law Offices of Jeffrey Lichtman
11 East 44th Street, Suite 501
New York, New York 10017
jhl@jeffreylichtman.com

> **Re:**  *United States v. Niloufar Bahadorifar,*
> **S1 21 Cr. 430 (RA)**

Dear Mr. Lichtman:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Niloufar Bahadorifar ("the defendant") to Counts Two and Five of the above-referenced Indictment.

Count Two charges the defendant with conspiring to violate licenses, orders, regulations, and prohibitions issued pursuant to the International Emergency Economic Powers Act ("IEEPA") by providing services to Iran and to the Government of Iran, in violation of Title 50, United States Code, Section 1705, and carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to 50 U.S.C. § 1705(c), of $1,000,000; and a $100 mandatory special assessment.

Count Five charges the defendant with structuring, in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2), and carries a maximum term of imprisonment of 10 years; a maximum term of supervised release of three years; a maximum fine, pursuant to 18 U.S.C. § 3571, of the greatest of $500,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment. As to Count Five, the defendant waives any and all defenses based on venue.

The total maximum term of imprisonment on Counts Two and Five is 30 years. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (i) participating in a conspiracy, from in or about June 2020 to in or about 2021, to violate IEEPA by providing services to Iran and the Government of Iran, as charged in Count Two of the Indictment; and (ii) from in or about 2019 to

2022.05.23

in or about 2021, engaging in structuring for the purpose of evading a cash transaction reporting requirement, as charged in Count Five of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegations with respect to Counts Two and Five of the Indictment and agrees to forfeit to the United States a sum of money equal to $476,100 in United States currency, representing (i) all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count Two of the Indictment, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. § 2461; and (ii) all property, real and personal, involved in the offense alleged in Count Five of the Indictment and any property traceable thereto, pursuant to 31 U.S.C. § 5317(c) (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in an amount ordered by the Court in accordance with 18 U.S.C. §§ 3663 and 3663A and that the obligation to make such restitution shall be made a condition of probation, *see* 18 U.S.C. § 3563(b)(2), or of supervised release, *see* 18 U.S.C. § 3583(d), as the case may be.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

## A. Offense Level

1. The November 1, 2021 Guidelines manual applies in this case.

### Count Two

2. The Guideline applicable to Count Two is U.S.S.G. § 2M5.1. Pursuant to U.S.S.G. § 2M5.1(a), the base offense level is 26 because the offense involved a financial transaction with a country supporting international terrorism.

3. Pursuant to U.S.S.G. § 3B1.2(b), a two-level reduction applies because the defendant was a minor participant in the offense charged in Count Two.

2022.05.23

4. Accordingly, the total offense level applicable to Count Two is 24.

Count Five

5. The Guideline applicable to Count Five is U.S.S.G. § 2S1.3. Pursuant to U.S.S.G. §§ 2S1.3(a)(2) and 2B1.1(b)(1)(G), the base offense level is 18 because the value of the funds involved in the offense exceeds $250,000 and is less than $550,000.

6. Pursuant to U.S.S.G. § 2S1.3(b)(1), two levels are added because the defendant knew or believed that the funds were proceeds of unlawful activity, or were intended to promote unlawful activity.

7. Pursuant to U.S.S.G. § 2S1.3(b)(2), two levels are added because the defendant was convicted of an offense under subchapter II of chapter 53 of Title 31, United States Code and committed the offense as part of a pattern of unlawful activity involving more than $100,000 in a 12-month period.

8. Accordingly, the total offense level applicable to Count Five is 22.

Chapter Three: Grouping

9. Counts Two and Five are not grouped together, and each count constitutes a separate Group. Pursuant to U.S.S.G. § 3D1.4(a), the Group with the highest offense level is counted as one Unit. The highest offense level is 24 for Count Two. Accordingly, Count Two is counted as one Unit.

10. Pursuant to U.S.S.G. § 3D1.4(a), because Count Five is one to four levels less serious than Count Two, Count Five counts as one additional Unit.

11. Pursuant to U.S.S.G. § 3D1.4, in total, there are two Units, and therefore two levels are added to Count Two, *i.e.*, the Group with the highest offense level. Accordingly, the total offense level is 26.

Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 23.

2022.05.23

## B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no prior convictions.

In accordance with the above, the defendant's Criminal History Category is I.

## C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 46 to 57 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 23, the applicable fine range is $20,000 to $1,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the

2022.05.23

determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that her entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw her plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 46 to 57 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $1,000,000, or of any forfeiture amount that is less than or equal to $476,100, and the Government agrees not to appeal any fine that is greater than or equal to $20,000, or any forfeiture amount that is greater than or equal to $476,100. The defendant also agrees not to appeal or bring a collateral challenge of any special assessment that is less than or equal to $200. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that she has accepted this Agreement and decided to plead guilty because she is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw her plea or to attack her conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual

2022.05.23

innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if she is not a citizen of the United States, her guilty plea and conviction make it very likely that her removal from the United States is presumptively mandatory and that, at a minimum, she is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, she recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if her naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that she has discussed the possible immigration consequences (including removal or denaturalization) of her guilty plea and conviction with defense counsel. The defendant affirms that she wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including her attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw her guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge her conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from her guilty plea and conviction.

It is further agreed that should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

2022.05.23

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____
Michael D. Lockard / Matthew J.C. Hellman
/ Jacob H. Gutwillig
Assistant United States Attorneys
(212) 637-2193 / -2278 / -2215

APPROVED:

_____
George D. Turner
Chief, National Security and International Narcotics

AGREED AND CONSENTED TO:

_____
NILOUFAR BAHADORIFAR

12 -15- 22
_____
DATE

APPROVED:

_____
Jeffrey Lichtman, Esq.
Attorney for Niloufar Bahadorifar

12 -15- 22
_____
DATE

2022.05.23